Warren F. Kelly v. Commissioner.
Kelly v. Commissioner
Docket No. 54928.
United States Tax Court
T.C. Memo 1956-152; 1956 Tax Ct. Memo LEXIS 134; 15 T.C.M. (CCH) 757; T.C.M. (RIA) 56152; June 29, 1956
*134 Deductions: Salesmen's expenses: Transportation: Entertainment: Contributions: Medical expenses: Evidence. - The court on the facts disallowed portions of taxpayer's deductions for contributions and medical expenses. The deductible amount of business expenses of the taxpayer, including transportation and entertainment expenses, was determined by the court by application of the Cohan rule. Warren F. Kelly, 2718 Marion Avenue, New York, N. Y., pro se. Sumner Lipsky, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax for 1950 in the amount of $227.96, based upon the denial of deductions for contributions, medical expenses, and travel and entertainment expenses in the following amounts: Contributions
$ 200.00
Medical expense
188.64
Travel and entertainment expenses
750.00
$1,138.64
As to the contributions item, petitioner claimed deductions in his return in the amount $400of. We cannot conclude from the evidence presented by him that he made charitable contributions in excess of the $200 which the Commissioner allowed, and we therefore hold that *135 the Commissioner did not err in disallowing deduction for the remaining $200. Petitioner claimed a deduction of $400 on his return for doctors' fees and medical expenses. The Commissioner disallowed $188.64 of that amount. Petitioner's evidence fails to prove that he in fact incurred such expenses in the amount claimed by him or in any amount in excess of the difference between $400 and $188.64. We conclude that petitioner has failed to carry the burden of proof as to this item. Petitioner was a salesman and incurred various expenses in connection with his work for which he was not reimbursed. These expenses included local transportation (not commuting expenses) to call upon customers and for similar purposes, telephone calls, and customer entertainment. On his return petitioner claimed a deduction in the aggregate amount of $1,010 with respect to this item. The Commissioner disallowed $750. After hearing the evidence we are satisfied that petitioner in fact incurred greater expenses in this connection than the Commissioner has allowed, but not as great as claimed by petitioner. Our best judgment on all the evidence is that petitioner incurred deductible expenses in the amount *136 of $700 with respect to this item and we so find as a fact. Cf. (C.A. 2). Decision will be entered under Rule 50.